**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY LADWIG, <br><br> Defendant. | No. CR07-0058-LRR <br><br> **ORDER** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 81). The defendant filed such motion on June 8, 2009.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG §2D1.1. *See generally* USSG App. C at www.ussc.gov. Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses. On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008 as the date that Amendment 706 could be applied retroactively. The Sentencing Commission also promulgated amendments to USSG §1B1.10, which sets forth the conditions that must exist before a defendant is entitled to a sentence reduction as a result of an amended guideline range. *See generally* USSG App. C at www.ussc.gov. New USSG §1B1.10 took effect on March 3, 2008 and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 706 within subsection (c). USSG §1B1.10(c). Further, on April 16, 2008, the Sentencing Commission promulgated Amendment 715 to USSG §2D1.1 and USSG §1B1.10, and it set May 1, 2008 as the date that Amendment 715 could be applied retroactively. *See generally* USSG App. C at www.ussc.gov. With respect to USSG §2D1.1, Amendment 715 modifies the commentary, that is, revises the manner in which combined offense levels are determined in cases involving crack and one or more other controlled substance. Concerning USSG §1B1.10, the Sentencing Commission deemed it appropriate to include Amendment 715 within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 706 or Amendment 715 to reduce the defendant's sentence. *See generally United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997) (explaining requirements under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10). Here, the court sentenced the defendant on May 8, 2008, and judgment entered against the defendant on May 12, 2008. The pre-sentence investigation report, which the court adopted without change, indicates that the court applied the applicable, amended guidelines in effect at the time he was sentenced, that is, the court relied on USSG §2D1.1(c)(5) when arriving at offense level 30. Accordingly, a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted. The defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) is denied.

**IT IS SO ORDERED**.

**DATED** this 10th day of June, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA